ORIGINAL
FILED

2011 OCT 19 P 3: 41

RICHARD W. WIEKING
CLERK U.  DISTRICT COURT
            OSE

1   ANDREA M. KIMBALL (State Bar No. 196485)
    SNR DENTON US LLP
2   4520 Main Street, Suite 1100
    Kansas City, Missouri 64111-7700
3   Telephone:   (816) 460-2400
    Facsimile:   (816) 531-7545
4   Email:   andrea.kimball@snrdenton.com

5   MARIE LEGGON WRIGHTEN (State Bar No. 167221)
    VIRGINIA K. YOUNG (State Bar No. 174384)
6   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
7   Los Angeles, California 90017-5704
    Telephone:   (213) 623-9300
8   Facsimile:   (213) 623-9924
    Email:   marie.wrighten@snrdenton.com
9            virginia.young@snrdenton.com

10  Attorneys for Defendant
    WIRELESS LIFESTYLE,
11  INC.

12

13            IN THE UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16                  CV 11- 05132

17  YASMIN MARTINEZ, individually and on      No.
    behalf of other persons similarly situated,
18                                            DEFENDANT WIRELESS LIFESTYLE,
                Plaintiff,                    INC.'S NOTICE OF REMOVAL UNDER
19                                            CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441,
         vs.                                  28 U.S.C. § 1446, AND 28 U.S.C. § 1453
20
    WIRELESS LIFESTYLE, INC.; and DOES
21  1 through 10,

22              Defendant.

23

24

25

26

27

28

BY FAX

*(left margin, vertical text)* SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS

3  OF RECORD:

4      PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28

5  U.S.C. § 1332 ("diversity jurisdiction"), 28 U.S.C. § 1441, 28 U.S.C. § 1446 and 28 U.S.C.

6  § 1453, defendant Wireless Lifestyle, Inc. ("Wireless Lifestyle") hereby removes the above-

7  captioned matter from the Superior Court of the State of California, Santa Clara County to this

8  Court. The grounds for removal are as follows:

9  **I.    BACKGROUND**

10      1.    On September 13, 2011, plaintiff Yasmin Martinez ("Plaintiff") filed a civil action,

11  on behalf of a putative California class, in the Superior Court of the State of California, Santa

12  Clara County, entitled *Yasmin Martinez, individually and on behalf of other persons similarly*

13  *situated, v. Wireless Lifestyle, Inc.; and Does 1 through 10*, Case No. 111CV209093 (the "State

14  Court Action"). Pursuant to 28 U.S.C. § 1446(a), Wireless Lifestyle has attached all pleadings

15  filed and served upon it in the state court proceedings as Exhibit A.

16      2.    Plaintiff alleges causes of action for: (1) failure to pay commission wages upon

17  termination (in violation of California Labor Code §§ 201, 202, and 203); (2) unlawful forfeiture

18  of vacation (in violation of California Labor Code § 227.3); (3) unfair competition (in violation

19  of California Business & Professions Code § 17200); (4) failure to pay regular wages timely

20  upon termination (in violation of California Labor Code §§ 201, 202, and 203); and (5) failure to

21  pay commission wages timely upon termination (in violation of California Labor Code §§ 201,

22  202, and 203).

23      3.    Plaintiff filed this class action against defendant Wireless Lifestyle, a Kansas

24  corporation with retail locations in California. (Complaint ¶ 8.)

25      4.    The summons and complaint were served on Wireless Lifestyle on September 19,

26  2011. A copy of the service of process receipt in the State Court Action is attached hereto as

27  Exhibit B.

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1        5.     The State Court Action is removable to this Court, and this Court has jurisdiction

2  over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as

3  28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because the State Court Action satisfies all

4  the requirements under CAFA for federal jurisdiction.  Based upon the allegations in the

5  Complaint: (1) the proposed class consists of more than 100 putative class members; (2) the

6  parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000

7  jurisdictional threshold; and (4) the exceptions to CAFA preventing removal do not apply here.

8        6.     Alternatively, the State Court Action is removable to this Court, and this Court has

9  diversity jurisdiction over this action, under 28 U.S.C. §§ 1332, 1441, and 1446, because

10  complete diversity exists, and the amount in controversy for Plaintiff's claims exceeds $75,000.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA

12        7.     Plaintiff alleges that this case is brought as a class action and appears to seek

13  certification of a putative class under California Code of Civil Procedure section 382.

14  (Complaint ¶¶ 11, 12.)  Plaintiff filed this putative class action on behalf of "former employees

15  of Defendant not paid all the sales commissions owed to them, not paid all the vacation owed to

16  them, not paid their regular wages timely upon termination, and/or not paid their commission

17  wages timely upon termination."  (Complaint ¶ 7.)  Therefore, this action is a proposed "class

18  action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the

19  Federal Rules of Civil Procedure or similar State statute of rule of judicial procedure authorizing

20  an action to be brought by one or more representative persons as a class action."

21        8.     CAFA reflects Congress's intent to have federal courts adjudicate substantial class

22  action suits brought against out-of-state defendants.  Toward that end, CAFA expands federal

23  jurisdiction over class actions, and expressly provides that class actions filed in state court are

24  removable to federal court where (a) the putative class contains at least 100 class members; (b)

25  any member of the putative class is a citizen of a State different from that of any defendant; and

26  (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of

27  interest and costs.  28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

**A. The Putative Class Exceeds 100 Members.**

9. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. Plaintiff alleges that there are "not less than 500 members in the class." (Complaint ¶ 12(a).)

**B. Minimal Diversity Exists.**

10. CAFA requires minimal diversity; that is, at least one putative class member must be a citizen of state different than one defendant. 28 U.S.C. § 1332(d)(2). Here, the putative class contains at least one putative class member who is a citizen of the State of California, namely, plaintiff Yasmin Martinez. (Complaint ¶ 6.) Defendant Wireless Lifestyle is citizen of Kansas because it is incorporated under the laws of the State of Kansas with its principal place of business in Lenexa, Kansas. (*See* Complaint ¶ 8; 28 U.S.C. § 1332(c)(1).) Thus, minimal diversity exists here. 28 U.S.C. § 1332(d)(2).

**C. The CAFA Amount-in-Controversy Requirement is Satisfied.**

11. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

12. When a plaintiff fails to plead a specific amount of damages and if the amount in controversy is not "facially apparent" from the complaint, "'the court may consider facts in the removal petition'" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant need only make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000. *Singer*, 116 F.3d at 376. The ultimate inquiry depends on what "amount [is] put in controversy by the plaintiff's complaint"—not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   2005). In considering whether the amount in controversy is met, courts may consider the

2   statutory maximum penalty available under the claims asserted. *See Chabner v. United of*

3   *Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

4       13.   Wireless Lifestyle denies any liability in this case and intends to vigorously oppose

5   class certification. For purposes of jurisdictional requirements for removal purposes only,

6   however, Wireless Lifestyle submits the following evidence showing that the allegations in the

7   Complaint put at controversy, in the aggregate, an amount that exceeds $5,000,000.

8       14.   Plaintiff's first cause of action alleges that Wireless Lifestyle failed to pay "all

9   wages earned and unpaid prior to termination." (Complaint ¶¶ 16, 17.) Plaintiff also alleges that

10  she was not paid the commission wages she earned during her last month of employment.

11  (Complaint ¶ 18.) Based on Wireless Lifestyle's records, Plaintiff earned an average of

12  $2,833.33 in wages and $1,153.99 in commissions each month. (Declaration of Kimberly

13  Rawlings ("Rawlings Dec."), ¶ 3, attached hereto as Exhibit C.) Without conceding that

14  Plaintiff is actually owed any such wages or commissions, the amount in controversy for

15  Plaintiff's individual unpaid-wages claim would be approximately $3,987.32. Assuming

16  Plaintiff's allegation that "the claims of Plaintiff are typical of the claims of the other class

17  members who Plaintiff seeks to represent," (Complaint ¶ 12(c)), the amount in controversy for

18  the unpaid-wages claim would be $1,993,660.00 for the putative class as a whole. *See Rippee*,

19  408 F. Supp. at 986 (the amount in controversy is properly evaluated based on Plaintiff's

20  allegations regarding damages and the defendant's own employment data).

21      15.   Plaintiff's second cause of action alleges that Wireless Lifestyle failed to pay

22  accrued, but unused, vacation time. (Complaint ¶ 27.) Plaintiff alleges that she began accruing

23  vacation on May 1, 2011. (Complaint ¶ 6.) Under California law, vacation accrued is to be paid

24  out to the employee "as wages at [her] final rate." Cal. Labor Code § 227.3. Without conceding

25  that Plaintiff is actually owed any accrued vacation, based on Wireless Lifestyle's employment

26  records, if Plaintiff had accrued one week of vacation, the amount in controversy for Plaintiff's

27  unpaid-vacation claim would be approximately $683.85 ($1,307.69 in wages per two-week pay

28  period, divided by two). Assuming Plaintiff's allegation that "the claims of Plaintiff are typical

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of the claims of the other class members who Plaintiff seeks to represent," (Complaint ¶ 12(c)), the amount in controversy for the unpaid-vacation claim would be $326,922.50 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

16.    Plaintiff's first, fourth, and fifth causes of action allege that Wireless Lifestyle willfully failed to pay wages and commissions due upon termination of Plaintiff's employment, thereby purportedly entitling Plaintiff to up to 30 days of waiting-time penalties under California Labor Code § 203. (Complaint ¶¶ 18, 20, 39, 41, 48, 49.) Without conceding that Plaintiff is actually entitled to any penalty wages, based on a calculation of Plaintiff's average daily rate of pay, including wages and commissions, the amount in controversy for Plaintiff's waiting-time penalties would be approximately $5,520.90 ($130.77 in daily wages plus $53.26 in daily commissions, multiplied by 30 days). (Rawlings Dec., ¶ 3.) Assuming Plaintiff's allegation that "the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent," (Complaint ¶ 12(c)), the amount in controversy for waiting-time penalties would be $2,760,457.15 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

17.    In addition, attorneys' fees are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy."). Here, with the exception of Plaintiff's third claim, under California Business and Professions Code § 17200, all of her alleged claims allow for the recovery of attorneys' fees. In a successful wage and hour class action involving a putative class of several hundred members, such attorneys' fees often exceed $760,000.00.

18.    Accordingly, the amount in controversy for the putative class as a whole includes at least $1,993,660.00 for the unpaid-wages claim; at least $326,922.50 for the unpaid-vacation claim; at least $2,760,457.15 for waiting-time penalties; and approximately $760,000.00 for attorneys' fees. In sum, the total amount in controversy for the putative class as a whole is at

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    least $5,841,039.65.   For the foregoing reasons, it is more likely than not that the amount in

2    controversy easily exceeds $5,000,000.[1]

3        19.   Moreover, the exceptions to CAFA preventing removal do not apply here.

4    **III.    THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.**

5        20.   Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all

6    civil actions in which: (1) complete diversity exists between all plaintiffs and all defendants, and

7    (2) the amount in controversy exceeds $75,000.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89

8    (2005).

9        **A.    Complete Diversity of Citizenship Exists.**

10       21.   Complete diversity of citizenship requires that no single plaintiff be a citizen of the

11   same state as any single defendant.  *Id.*  In a putative class-action suit, the court looks only to the

12   citizenship of the named plaintiffs.  *Snyder v. Harris Gas Serv. Co.*, 394 U.S. 332, 340 (1969).

13   Here, Plaintiff is a resident of Santa Clara County, California. (Complaint ¶ 6.)  Wireless

14   Lifestyle is a citizen of Kansas in that it is incorporated under the laws of Kansas and has its

15   principal place of business in Lenexa, Kansas.  (*See* Complaint ¶ 8; 28 U.S.C. §1332(c)(1).)

16   Accordingly, complete diversity exists in this case.

17       **B.    The Amount-in-Controversy Requirement is Satisfied.**

18       22.   Wireless Lifestyle denies any liability in this case and intends to vigorously oppose

19   class certification.  As detailed above, however, for purposes of jurisdictional requirements for

20   removal purposes only, the amount in controversy for Plaintiff's first cause of action, for unpaid

21   wages, would be approximately $3,987.32; the amount in controversy for Plaintiff's second

22   cause of action, for unpaid vacation, would be approximately $683.85; and the amount in

23   controversy for waiting-time penalties, for Plaintiff's first, fourth, and fifth causes of action,

24   would be approximately $5,068.20. Additionally, in a single plaintiff's successful wage and

25   hour action, attorneys' fees often exceed $80,000.00.

26   ───────────────────────

27   [1] Because the named plaintiff, Martinez, only worked for Wireless Lifestyle for approximately

28   six months, the claimed damages will likely be substantially greater on a pro rata approximate
     basis for the other class members, because Wireless Lifestyle has conducted business in
     California for at least 18 months.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

23.   Accordingly, the amount in controversy for the Martinez's individual claims includes at least $3,987.32 for the unpaid-wages claim; at least $683.85 for the unpaid-vacation claim; at least $5,068.20 for waiting-time penalties; and approximately $80,000.00 for attorneys' fees. In sum, the total amount in controversy for Martinez's individual claims is at least $89,739.37. For the foregoing reasons, it is more likely than not that the amount in controversy exceeds $75,000.

## IV.   REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA IS PROPER

24.   This Notice of Removal is filed within thirty days of September 19, 2011, when Plaintiff served the summons and complaint in the State Court Action on Wireless Lifestyle. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

25.   The United States District Court for the Northern District of California, San Jose Division, embraces the county and court in which Plaintiff filed this case. 28 U.S.C. § 84(a). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

26.   Wireless Lifestyle has attached all the pleadings, process, and orders filed in the record of the State Court Action as Exhibits A and B, as required by 28 U.S.C. § 1446(a).

27.   Wireless Lifestyle will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Santa Clara, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Wireless Lifestyle respectfully requests that this proceeding, entitled *Yasmin Martinez, individually and on behalf of other persons similarly situated, v. Wireless Lifestyle, Inc.; and Does 1 through 10*, Case No. 111CV209093, now pending in the Superior Court of the State of California, County of Santa Clara, be removed to this Court.

Dated: October 19, 2011                         SNR DENTON US LLP


By _____
        ANDREA M. KIMBALL

Attorneys for Defendant
WIRELESS LIFESTYLE, INC.

# EXHIBIT A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Gregory N. Karasik (SBN 115834)
Karasik Law Firm
11835 W. Olympic Blvd., Suite 1275
Los Angeles, CA 90064
TELEPHONE NO.: (310) 312-6800    FAX NO.: (310) 943-2582
ATTORNEY FOR *(Name):* Plaintiff Yasmin Martinez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown

FOR COURT USE ONLY

ENDORSED
FILED

SEP 13 2011

David H. _____ of the Superior Court
County of Santa Clara, California
By: _____
_____ R. Spitters

**CASE NAME:**
Martinez v. Wireless Lifestyle, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)  ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **111CV209093**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 9, 2011

Gregory N. Karasik
_____
(TYPE OR PRINT NAME)          ► _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A
Page 9

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit _A_

Page _10_

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WIRELESS LIFESTYLE, INC. and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YASMIN MARTINEZ, individually and on behalf of other persons
similarly situated,

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**

SEP 13 2011

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ R.R. Spitters

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court
191 N. First Street, San Jose, CA 95113-1090
Downtown

CASE NUMBER:
*(Número del Caso):*
**111CV209093**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory N. Karasik (SBN 115834) Karasik Law Firm 11835 W Olympic Blvd Ste 1275 Los Angeles, CA 90064

DATE:
*(Fecha)* SEP 13 2011

Clerk, by R.R. Spitters , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WIRELESS LIFESTYLE, INC.

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/19/4

[SEAL]

FAXED

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 11
Page ___

1   Gregory N. Karasik (SBN 115834)
    greg@karasiklawfirm.com
2   **Karasik Law Firm**
    11835 W. Olympic Blvd. Ste. 1275
3   Los Angeles, CA 90064
    Tel (310) 312-6800
4   Fax (310) 943-2582

5   Sahag Majarian II (SBN 146621)
    sahagii@aol.com
6   **Law Office of Sahag Majarian II**
    18250 Ventura Blvd.
7   Tarzana, California 91356
    Tel (818) 609-0807
8   Fax (818) 609-0892

9   Attorneys for Plaintiff
    YASMIN MARTINEZ

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SANTA CLARA

12  YASMIN MARTINEZ, individually and on     Case No.   **111CV209093**
    behalf of other persons similarly situated,
13                                            CLASS ACTION
                  Plaintiffs,
14                                            **COMPLAINT**
15         vs.
                                              1.   Failure to Pay Commission Wages Upon
16  WIRELESS LIFESTYLE, INC; and DOES 1            Termination
    through 10.                               2.   Unlawful Forfeiture of Vacation
17                                            3.   Unfair Competition
                  Defendants.                 4.   Failure to Pay Regular Wages Timely Upon
18                                                 Termination
                                              5.   Failure to Pay Commission Wages Timely
19                                                 Upon Termination

20                                            **DEMAND FOR JURY TRIAL**

21

22        Plaintiff Yasmin Martinez ("Plaintiff"), on behalf of herself and all others similarly situated,

23  complains and alleges as follows:

24                              **INTRODUCTION**

25        1.     This class action lawsuit arises out of the failure to defendant Wireless Lifestyles, Inc.

26  ("Defendant") to comply with various labor laws in connection with the termination of Defendant's

27  employees. Defendant fails to pay the sales commissions earned by terminated employees during their

28  last calendar month of employment in accordance with Labor Code Sections 201 or 202; Defendant

                                            2
                                       COMPLAINT

ENDORSED
FILED

SEP 13 2011

David H. Yamasaki, Chief Executive Officer/Clerk of the Superior Court
County of Santa Clara, California
By_____
                    Deputy Clerk

E.R. Spitters

1 | fails to pay employees upon termination for all their accrued but unused vacation in accordance with
2 | Labor Code Section 227.3; Defendant fails to pay terminated employees their regular wages timely
3 | upon termination in accordance with Labor Code Sections 201 or 202; and Defendant fails to pay
4 | terminated employees their commission wages timely upon termination in accordance with Labor
5 | Code Sections 201 or 202. Defendant's failure to pay upon termination all commission wages and
6 | vacation owed to employees in violation of the Labor Code also constitutes unfair competition.

7 |     2.    Plaintiff is a member of and seeks to be the class representative for the Unpaid
8 | Commissions Class, Unpaid Vacation Class, Unfair Competition Class, Late Regular Wages Class and
9 | the Late Commission Wages Class (collectively the "Class") defined in paragraph 11 below.

10 |     3.    Plaintiff seeks damages, restitution and statutory penalties to which Plaintiff and other
11 | class members are entitled under the Labor Code and/or Business and Professions Code Section 17203.

12 | **JURISDICTION AND VENUE**

13 |     4.    Venue is proper in this Judicial district and the County of Santa Clara because work was
14 | performed by class members in the County of Santa Clara and Defendant's legal obligations to class
15 | members under California law arose and were breached in the County of Santa Clara.

16 |     5.    The California Superior Court has jurisdiction in this matter because Plaintiff is a
17 | resident of California, Defendant is qualified to do business in California, and Defendant regularly
18 | conducts business in California. Further, there is no federal question at issue as the claims herein are
19 | based solely on California law.

20 | **THE PARTIES**

21 | Plaintiff

22 |     6.    Plaintiff is a resident of Santa Clara County in California. From November 1, 2010 to
23 | May 12, 2011 Plaintiff worked for Defendant as the store manager of Defendant's retail store located
24 | in the Oakridge Mall in San Jose, California. On May 13, 2011, Plaintiff was advised by Defendant
25 | that she was being suspended without pay. On May 16, 2011, Plaintiff was advised by Defendant that
26 | her employment with Defendant was terminated. Despite discharging Plaintiff on May 16, 2011,
27 | Defendant did not pay Plaintiff her final regular wages that day. Defendant did not issue Plaintiff a
28 | paycheck for regular wages until May 20, 2011, the regular pay date for the preceding pay period.

3
COMPLAINT

1  During her employment with Defendant, Plaintiff earned sales commissions, which became payable at

2  the end of the month after the month in which the sales commissions were earned. The amount of

3  sales commissions due for any month was calculable after expiration of the 30 day period given to

4  customers to cancel sales. Although Defendant could have calculated the sales commissions earned by

5  Plaintiff for the month of April 2011 sooner, Defendant did not issue Plaintiff a paycheck for the sales

6  commissions she earned for the month of April 2011 until May 31, 2011, the regular pay date for

7  commissions earned the previous month. In accordance with Defendant's vacation policy, Plaintiff

8  started accruing vacation on May 1, 2011 at the beginning of her seventh month of employment.

9  Although Plaintiff accrued vacation for the time she worked for Defendant in May 2011 prior to being

10  discharged, Defendant did not pay Plaintiff upon or after termination for any of her accrued but unused

11  vacation. Although Plaintiff made sales in May 2011 prior to being discharged for which she earned

12  sales commissions, Defendant did not pay Plaintiff upon or after termination for any of the sales

13  commissions she earned for May 2011. To date, Defendant has not paid Plaintiff the commission

14  wages still owed to her, the vacation still owed to her, or any penalty wages owed to her under Labor

15  Code Section 203.

16      7.      The members of the Class are identifiable, similarly situated persons who are former

17  employees of Defendant not paid all the sales commissions owed to them, not paid all the vacation

18  owed to them, not paid their regular wages timely upon termination, and/or not paid their commission

19  wages timely upon termination.

20  Defendants

21      8.      Defendant is a corporation organized under the laws of the state of Kansas. Defendant

22  sells wireless telephone products and services at retail stores at various locations in California. At all

23  times relevant to this action, Defendant was the employer of Plaintiff and other members of the Class.

24      9.      Plaintiff is ignorant of the true names, capacities, relationships and extent of

25  participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is

26  informed and believes and thereon alleges that said defendants are legally responsible for the wrongful

27  conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will

28  amend this complaint to allege their true names and capacities when ascertained.

4

Exhibit A

Page 14

1    10.    Plaintiff is informed and believes and thereon alleges that each defendant acted in all

2    respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme,

3    business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally

4    attributable to the other defendants.

5                              **CLASS ACTION ALLEGATIONS**

6    11.    Plaintiff brings this action on behalf of herself and on behalf of all other similarly

7    situated persons as a class action pursuant to Code of Civil Procedure Section 382. The members of

8    the Class belong to the Unpaid Commissions Class, Unpaid Vacation Class, Unfair Competition Class,

9    Late Regular Wages Class and the Late Commission Wages Class, which are defined as follows:

10       **Unpaid Commissions Class**: All persons who worked for Defendant in the state of

11       California, whose employment with Defendant ended at any time since the date three

12       years prior to the filing of the complaint in this action, who earned sales commissions

13       during the last calendar month of their employment.

14       **Unpaid Vacation Class**: All persons who worked for Defendant in the state of

15       California, whose employment with Defendant ended at any time since the date three

16       years prior to the filing of the complaint in this action, who had accrued but unused

17       vacation at the time their employment terminated.

18       **Unfair Competition Class**: All persons who worked for Defendant in the state of

19       California, whose employment with Defendant ended at any time since the date four

20       years prior to the filing of the complaint in this action, who either earned sales

21       commissions during the last calendar month of their employment or who had

22       accrued but unused vacation at the time their employment terminated.

23       **Late Regular Wages Class**: All persons who worked for Defendant in the state of

24       California, whose employment with Defendant ended at any time since the date three

25       years prior to the filing of the complaint in this action, for whom Defendant issued a final

26       paycheck for regular wages one or more days after discharge or more than three days

27       after resignation.

28       **Late Commission Wages Class**: All persons who worked for Defendant in the state of

                                      5

1    California, whose employment with Defendant ended at any time since the date three

2    years prior to the filing of the complaint in this action, for whom Defendant issued a final

3    paycheck for commission wages more than 31 days after their last day worked.

4        12.    This action has been brought and may be maintained as a class action pursuant to Code

5    of Civil Procedure Section 382 because there is a well defined community of interests among many

6    persons who comprise a readily ascertainable class:

7          a.    The Class members are so numerous that the individual joinder of all of them as

8    named plaintiffs is impracticable.  While the exact number of Class members is

9    unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

10    alleges that there are not less than 100 members in the Unpaid Commissions

11    Class, not less than 100 members in the Wage Statement Class, not less than 100

12    members in the Unpaid Vacation Class, not less than 100 members in the Unfair

13    Competition Class, not less than 100 members in the Late Regular Wages Class,

14    not less than 100 members in the Late Commission Wages Class, and not less

15    than 500 members in the Class.

16          b.    Common questions of law and fact exist as to members of the Class and

17    predominate over any questions which affect only individual members of the

18    Class.  These common questions include, but are not limited to:

19          (1)    Did Defendant, in violation of Labor Code Sections 201 or 202, fail to

20    pay terminated employees commission wages earned prior to termination?

21          (2)    Did Defendant, in violation of Labor Code Section 227.3, fail to pay

22    terminated employees accrued but unused vacation?

23          (3)    Did Defendant, by violating Labor Code Sections 201, 202 or 227.3,

24    engage in unfair competition in violation of Business and Professions Code

25    Section 17200?

26          (4)    Did Defendant, in violation of Labor Code Sections 201 or 202, fail to

27    pay terminated employees their final regular wages timely upon termination?

28          (5)    Did Defendant, in violation of Labor Code Sections 201 or 202, fail to

Exhibit A

Page 16

pay terminated employees their final commission wages timely upon termination?

    (6)    Is Defendant liable for damages under Labor Code Sections 201 or 202?

    (7)    Is Defendant liable for damages under Labor Code Section 227.3?

    (8)    Is Defendant liable for restitution under Business and Professions Code Section 17203?

    (9)    Is Defendant liable for penalty wages under Labor Code Section 203?

c.    Plaintiff is a member of the Unpaid Commissions Class, Unpaid Vacation Class, Unfair Competition Class, Late Regular Wages Class and the Late Commission Wages Class; and the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent. Plaintiff was formerly employed by Defendant and was subjected to the same unlawful practices as other employees of Defendant. Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent class members and Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.    A class action is superior to other available means (if any) for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective

COMPLAINT

Exhibit 
Page

1    mechanism for redress of violation of their statutory rights.

2        13.    Plaintiff is presently unaware of any difficulties that are likely to be encountered in the

3  management of this action that would preclude its maintenance as a class action, but reserves the right

4  to modify his allegations and/or the class definitions based on further investigation, discovery or legal

5  developments.

6                      **FIRST CAUSE OF ACTION**

7          **FAILURE TO PAY COMMISSION WAGES UPON TERMINATION**

8            **(By Plaintiff and the Unpaid Commissions Class against Defendants)**

9        14.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

10  herein.

11        15.    At all relevant times, Plaintiff and the other members of the Unpaid Commissions

12  Class were employees of Defendant covered by Labor Code Sections 201 or 202.

13        16.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of

14  the Unpaid Commissions Class were entitled upon termination to timely payment of all wages

15  earned and unpaid prior to termination. Discharged employees were entitled to payment of all

16  wages earned and unpaid prior to discharge immediately upon termination. Employees who

17  resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72

18  hours after giving notice of resignation or, if they gave 72 hours previous notice, they were

19  entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

20        17.    Defendant failed to pay Plaintiff and other members of the Unpaid Commissions

21  Class all wages earned and unpaid prior to termination in accordance with Labor Code Section

22  201 or 202. Plaintiff is informed and believes and thereon alleges that, during the limitations

23  period applicable to this cause of action, Defendant had a policy or practice of not paying after

24  termination the sales commissions earned by an employee during the last calendar month of his

25  or her employment.

26        18.    Defendant's failure to pay Plaintiff and other members of the Unpaid

27  Commissions Class all commission wages earned prior to termination in accordance with Labor

28  Code Sections 201 or 202 was willful. Defendant had the ability to pay all commission wages

Exhibit A

Page 18

1   earned by employees during the last calendar month of their employment but intentionally

2   adopted policies or practices incompatible with the requirements of Labor Code Section 201 and

3   202. When Defendant failed to pay after termination the sales commissions earned by an

4   employee during the last calendar month of his or her employment, Defendant knew what it was

5   doing and intended to do what it did.

6       19.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the

7   Unpaid Commissions Class are entitled to all sales commissions earned prior to termination that

8   Defendant did not pay them.

9       20.    Pursuant to Labor Code Section 203, Plaintiff and other members of the Unpaid

10   Commissions Class are entitled to penalty wages, in the amount of one day's worth of wages for

11   every day after the unpaid sales commissions were first due, up to a maximum of thirty days.

12       21.    As a result of Defendant's conduct, Plaintiff and the other members of the Unpaid

13   Commissions Class have suffered damages, in an amount subject to proof, to the extent they

14   were not paid for all sales commissions wages earned prior to termination in violation of Labor

15   Code Sections 201 or 202.

16       22.    As a result of Defendant's conduct, Plaintiff and the other members of the Unpaid

17   Commissions Class have suffered damages, in an amount subject to proof, to the extent they

18   were not paid for all penalty wages owed to them under Labor Code Section 203.

19       23.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of

20   the Unpaid Commissions Class are entitled to recover the full amount of their unpaid wages,

21   unpaid penalty wages, reasonable attorney's fees and costs of suit. Plaintiff and other members

22   of the Unpaid Commissions Class are entitled to recover pre-judgment interest on all due wages

23   and penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

24   **SECOND CAUSE OF ACTION**

25   **UNLAWFUL FORFEITURE OF VACATION**

26   **(By Plaintiff and the Unpaid Vacation Class against Defendants)**

27       24.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

28   herein.

9
COMPLAINT

25.     At all relevant times, Plaintiff and the other members of the Unpaid Vacation Class were employees of Defendant covered by Labor Code Section 227.3.

26.     Pursuant to Labor Code Section 227.3, 01 Plaintiff and the other members of the Unpaid Vacation Class were entitled upon termination to payment of vacation accrued but unused prior to termination

27.     Defendant failed to pay Plaintiff and other members of the Unpaid Vacation Class all vacation accrued but unused prior to termination in accordance with Labor Code Section 227.3. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of 1) not deeming accrued vacation payable until employees had worked for a certain period of time; and/or 2) not paying after termination any vacation accrued but unused prior to termination.

28.     As a result of Defendant's conduct, Plaintiff and the other members of the Unpaid Vacation Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all vacation accrued but unused prior to termination in violation of Labor Code Section 227.3.

29.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and other members of the Unpaid Vacation Class are entitled to recover the full amount of their unpaid vacation, pre-judgment interest, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION

### (By Plaintiff and the Unfair Competition Class against Defendants)

30.     Plaintiff incorporates paragraphs 1 through 29 of this complaint as if fully alleged herein.

31.     The unlawful conduct of Defendant alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

32.     As a result of Defendant's unfair competition, Plaintiff and other members of the Unfair Competition Class have suffered injury in fact and lost money or property. Plaintiff and other members of the Unfair Competition Class have been deprived of their rights under the

10

COMPLAINT

Exhibit A

Page 20

1   Labor Code to receive upon termination all sales commissions earned prior to termination or all

2   vacation accrued but earned prior to termination and Plaintiff and other members of the Unfair

3   Competition Class have not been paid all the sales commissions or vacation owed to them.

4       33.     Pursuant to Business and Professions Code Section 17203, Plaintiff and other

5   members of the Unfair Competition Class are entitled to restitution of all the sales commissions,

6   vacation, and interest thereon rightfully belonging to them that Defendant failed to pay them and

7   wrongfully retained for itself by means of its unlawful business practices.

8       34.     Plaintiff and the other members of the Unfair Competition Class are entitled to

9   recover reasonable attorney's fees in connection with their unfair competition claims pursuant to

10  Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund

11  doctrine.

12                          **FOURTH CAUSE OF ACTION**

13          **FAILURE TO PAY REGULAR WAGES TIMELY UPON TERMINATION**

14             **(By Plaintiff and the Late Regular Wages Class against Defendants)**

15      35.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

16  herein.

17      36.     At all relevant times, Plaintiff and the other members of the Late Regular Wages

18  Class were employees of Defendant covered by Labor Code Sections 201 or 202.

19      37.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of

20  the Late Regular Wages Class were entitled upon termination to timely payment of all wages

21  earned and unpaid prior to termination.  Discharged employees were entitled to payment of all

22  wages earned and unpaid prior to discharge immediately upon termination.  Employees who

23  resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72

24  hours after giving notice of resignation or, if they gave 72 hours previous notice, they were

25  entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

26      38.     Defendant failed to pay Plaintiff and other members of the Late Regular Wages

27  Class all final regular wages timely upon termination in accordance with Labor Code Sections

28  201 or 202.  Plaintiff is informed and believes and thereon alleges that, during the limitations

11
COMPLAINT

1    period applicable to this cause of action, Defendants had a policy or practice of paying regular

2    wages earned prior to termination on the regular payday after termination.

3           39.    Defendant's failure to pay Plaintiff and other members of the Late Regular Wages

4    Class regular wages timely upon termination in accordance with Labor Code Sections 201 or 202

5    was willful. Defendants had the ability to calculate and pay by the time regular wages were due

6    under Labor Code Sections 201 or 202 all regular wages earned prior to termination but

7    intentionally adopted policies or practices incompatible with the requirements of Labor Code

8    Sections 201 and 202. When Defendants failed to pay regular wages timely upon termination,

9    Defendant knew what it was doing and intended to do what it did.

10          41.    Pursuant to Labor Code Section 203, Plaintiff and other members of the Late

11   Regular Wages Class are entitled to penalty wages, in the amount of one day's worth of wages

12   for every day from the date their final regular wages were first due upon termination until paid,

13   up to a maximum of thirty days.

14          42.    As a result of Defendant's conduct, Plaintiff and the other members of the Late

15   Regular Wages Class have suffered damages, in an amount subject to proof, to the extent they

16   were not paid for all penalty wages owed to them under Labor Code Section 203.

17          43.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of

18   the Late Final Wages Class are entitled to recover the full amount of their unpaid penalty wages,

19   reasonable attorney's fees and costs of suit. Plaintiff and other members of the Late Final Wages

20   Class are entitled to recover pre-judgment interest on all due penalty wages under Labor Code

21   Section 218.6 and/or Civil Code Section 3287(a).

22                              **FIFTH CAUSE OF ACTION**

23          **FAILURE TO PAY COMMISSION WAGES TIMELY UPON TERMINATION**

24              **(By Plaintiff and the Late Commission Wages Class against Defendants)**

25          44.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

26   herein.

27          45.    At all relevant times, Plaintiff and the other members of the Late Commission

28   Wages Class were employees of Defendant covered by Labor Code Sections 201 or 202.

                                        12
                                    COMPLAINT

46.   Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the Late Commission Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

47.   Defendant failed to pay Plaintiff and other members of the Late Commission Wages Class all commission wages timely upon termination in accordance with Labor Code Sections 201 or 202.  Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of paying sales commissions earned by employees for the month prior to the last calendar month of their employment on the next regular payday for sales commissions after their termination, i.e. at the end of the month following the month for which the sales commissions were earned.

48.   Defendant's failure to pay Plaintiff and other members of the Late Commission Wages Class sales commissions timely upon termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendants had the ability to calculate and pay by the time sales commissions were due under Labor Code Sections 201 or 202 all sales commissions earned by employees for the month prior to their termination but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and 202.  When Defendant failed to pay commission wages timely upon termination, Defendant knew what it was doing and intended to do what it did.

49.   Pursuant to Labor Code Section 203, Plaintiff and other members of the Late Commission Wages Class are entitled to penalty wages, in the amount of one day's worth of wages for every day from the date their sales commissions for the month prior to termination were first due upon termination until paid, up to a maximum of thirty days.

50.   As a result of Defendant's conduct, Plaintiff and the other members of the Late Commission Wages Class have suffered damages, in an amount subject to proof, to the extent

13

1 | they were not paid for all penalty wages owed to them under Labor Code Section 203.

2 |   51.   Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of

3 | the Late Commission Wages Class are entitled to recover the full amount of their unpaid penalty

4 | wages, reasonable attorney's fees and costs of suit. Plaintiff and other members of the Late

5 | Commission Wages Class are entitled to recover pre-judgment interest on all due penalty wages

6 | under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

7 | **PRAYER FOR RELIEF**

8 |   WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for

9 | judgment against Defendants as follows:

10 |   A.   An order certifying this case as a class action;

11 |   B.   An order appointing Plaintiff as representative for the Class;

12 |   C.   An order appointing Plaintiff's counsel as counsel for the Class;

13 |   D.   Damages for unpaid sales commissions under Labor Code Sections 201 or 202;

14 |   E.   Damages for unpaid vacation under Labor Code Section 227.3;

15 |   F.   Restitution for unpaid sales commissions and/or unpaid under Business and

16 |     Professions Code Section 17203.

17 |   G.   Damages for unpaid penalty wages under Labor Code Section 203;

18 |   H.   Pre-judgment interest at the maximum legal rate;

19 |   I.   Reasonable attorney's fees;

20 |   J.   Costs of suit; and

21 |   K.   Such other relief as the Court may deem just and proper.

22 |

23 | Dated: September 8, 2011      KARASIK LAW FIRM

24 |

25 |       By

26 |         Gregory N. Karasik

27 |         Attorneys for Plaintiff
        YASMIN MARTINEZ

28 |

14
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the class on all claims so triable.

Dated: September 8, 2011                                 KARASIK LAW FIRM

                                              By   _____

                                                   Gregory N. Karasik
                                                   Attorneys for Plaintiff
                                                   YASMIN MARTINEZ

Exhibit A
Page 25

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
191 N. First St., San Jose, CA 95113

CASE NUMBER: _____ **111CV209093**

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the _Complaint, using the proper legal form or format_, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

_RULES AND FORMS:_ You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.** You may ask to appear by telephone – see Local Civil Rule 8.

---

_Your Case Management Judge is:_ Honorable James Kleinberg _____ Department: ___ 1 ___

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 3/9/2012 Time: 10:00AM in Department: 1

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Exhibit _A_
Page _26_



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation.

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**
CV-5003 REV 6/08

Exhibit A

Page 27

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
> < The action is for personal injury, property damage, or breach of contract
> < Only monetary damages are sought
> < Witness testimony, under oath, needs to be evaluated
> < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
> < The parties have complex facts to review
> < The case involves multiple parties and problems
> < The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2910

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 8/08

Exhibit A
Page 2B

ENDORSED

2011 OCT 19  A 10: 21

L. Kontorovich
David H. Yamasaki, Chief Exec Officer/Clerk of the Court
County of Santa Clara, California
By:
Deputy Clerk

ANDREA M. KIMBALL (State Bar No. 196485)
SNR DENTON US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2427
Facsimile: (816) 531 7545
Email: andrea.kimball@snrdenton.com

MARIE LEGGON WRIGHTEN (State Bar No. 167221)
VIRGINIA K. YOUNG (State Bar No. 174384)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: marie.wrighten@snrdenton.com

Attorneys for Defendant
WIRELESS LIFESTYLE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| YASMIN MARTINEZ, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WIRELESS LIFESTYLE, INC.; and DOES 1 through 10,<br><br>Defendants. | No. 111CV209093<br><br>DEFENDANT WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT<br><br><br>Judge: Hon. James Kleinberg<br><br>Complaint filed: September 13, 2011 |

Defendant Wireless Lifestyle, Inc. ("Wireless Lifestyle") on behalf of itself and no others, hereby answers the unverified Complaint of plaintiff Yasmin Martinez ("Plaintiff") as follows:

Exhibit A
Page 29

BY FAX

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

<u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure § 431.30(d), Wireless Lifestyle generally denies each and every allegation of the Complaint and specifically denies that Plaintiff is entitled to the relief she seeks, or any other relief, by reason of her Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST ADDITIONAL DEFENSE**

The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Wireless Lifestyle.

### **SECOND ADDITIONAL DEFENSE**

Plaintiff is barred from obtaining the relief requested in the Complaint by the doctrine of unclean hands.

### **THIRD ADDITIONAL DEFENSE**

Plaintiff is barred from obtaining the relief requested in the Complaint by the doctrine of estoppel.

### **FOURTH ADDITIONAL DEFENSE**

Plaintiff is barred from obtaining the relief requested in the Complaint by the doctrine of waiver.

### **FIFTH ADDITIONAL DEFENSE**

Plaintiff is barred from obtaining the relief requested in the Complaint by the doctrine of laches.

### **SIXTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### **SEVENTH ADDITIONAL DEFENSE**

Plaintiff consented to all the acts and omissions about which Plaintiff now complains.



Exhibit A
Page 30

**EIGHTH ADDITIONAL DEFENSE**

To the extent that Plaintiff has failed to mitigate, minimize, or avoid any damages she has allegedly sustained, recovery against Wireless Lifestyle, if any, must be reduced by that amount.

**NINTH ADDITIONAL DEFENSE**

Plaintiff's claims, if any, are barred because Wireless Lifestyle's acts and/or omissions were in good faith, Wireless Lifestyle had reasonable grounds to believe that its acts and/or omissions did not violate any law,  and Wireless Lifestyle believed in good faith that it was asserting legal rights.  Thus, Wireless Lifestyle acted with proper justification and in a reasonable and appropriate manner, in good faith, for a fair, honest, and lawful reason, and in compliance with legal requirements.

**TENTH ADDITIONAL DEFENSE**

The Complaint, and each and every purported cause of action therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, and 343, and California Business and Professions Code 17208.

**ELEVENTH ADDITIONAL DEFENSE**

The Complaint, to the extent that it seeks relief and/or judgment on behalf of persons who are not parties to this action, violates Wireless Lifestyle's rights to substantive and procedural due process and equal protection under the law as provided by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 and Article IV, Section 16 of the Constitution of the State of California.

**TWELFTH ADDITIONAL DEFENSE**

Plaintiff is barred, either in whole or in part, from recovering waiting time penalties from Wireless Lifestyle because the existence of any unpaid wages, which Wireless Lifestyle expressly denies, was and is the subject of a good faith dispute.

Exhibit ___A___

Page ___31___

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

### THIRTEENTH ADDITIONAL DEFENSE

2      Plaintiff's Complaint is barred because the appropriate forum for this action is before the

3   California Labor Commissioner and/or the San Jose Office of Division of Labor Standards

4   Enforcement.

5

### FOURTEENTH ADDITIONAL DEFENSE

6      To the extent a class is certified in this purported class action, claims of individual class

7   members may be barred for reasons that are not apparent from the Complaint. Wireless Lifestyle

8   reserves its right to amend its Answer to the Complaint to assert such additional defenses as may

9   become apparent.

10

### FIFTEENTH ADDITIONAL DEFENSE

11      To the extent that Plaintiff claims that the matter should proceed as a class action,

12   Wireless Lifestyle denies that Plaintiff is an adequate class representative.

13

### SIXTEENTH ADDITIONAL DEFENSE

14      With respect to each and every allegation of the Complaint as they relate to the request

15   for class certification, class certification is not appropriate because there is a lack of numerosity,

16   commonality or community of interest, typicality, an ascertainable class, adequate

17   representation, appropriateness of relief to the putative class as a whole, predominance of

18   common questions over questions affecting individual class members, substantial benefit to the

19   litigants and the court, and superiority of a class action to other available methods for fair and

20   efficient adjudication.

21

### SEVENTEENTH ADDITIONAL DEFENSE

22      The Complaint fails to state an adequate basis for a representative action under

23   California Business and Professions Code §17200 et seq.

24

### EIGHTEENTH ADDITIONAL DEFENSE

25      Plaintiff lacks standing to assert some or all of the claims in the Complaint.

26

### NINETEENTH ADDITIONAL DEFENSE

27      Plaintiff's claims are barred because Plaintiff has not sustained any cognizable injury.

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Exhibit _A_

Page _32_

WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## TWENTIETH ADDITIONAL DEFENSE

2   Plaintiff's claims are barred because at all times mentioned in the Complaint, certain

3   members of the purported class were exempt from the requirements contained in the California

4   Labor Code, Title 8 of the California Code of Regulations, and the wage orders of the Industrial

5   Welfare Commission.

6

## TWENTY-FIRST ADDITIONAL DEFENSE

7   Wireless Lifestyle reserves the right to amend its Answer to the Complaint to assert such

8   additional defenses as may become apparent during the continuing course of investigation and

9   discovery in this action.

10   WHEREFORE, Defendant prays for judgment as follows:

11   1.   Plaintiff take nothing by way of her Complaint;

12   2.   That the Complaint be dismissed with prejudice and judgment entered in favor of

13   Wireless Lifestyle;

14   3.   That Wireless Lifestyle be awarded costs and attorneys' fees incurred in this action;

15   and

16   4.   For such other and further relief as this Court deems just and proper.

17   Dated: October 19, 2011          SNR DENTON US LLP
                                      MARIE LEGGON WRIGHTEN
18

19

20          By _____
                      MARIE LEGGON WRIGHTEN
21

22          Attorneys for Defendants
            WIRELESS LIFESTYLE, INC.
23

24   30384942\V-1

25

26

27                                              Exhibit A
28                                              Page 33

-5-

WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is: ☐ 601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017. ☒ USA Legal Network, 800 W. 1st, Suite 200-B, Los Angeles, CA 90012.

On October 19, 2011, I served the foregoing document, described as DEFENDANT WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT on the interested parties in this action, as follows:

Gregory N. Karasik
Karasik Law Firm
11835 W. Olympic Blvd., Suite 1275
Los Angeles, CA 90064
Tel: 310-312-6800
Fax: 310-943-2582
Email: greg@karasiklawfirm.com

☐ **(VIA MAIL)** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above. I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at SNR Denton US LLP, Los Angeles, California 90017. I am readily familiar with SNR Denton US LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ **(VIA PERSONAL SERVICE)** I served a true copy of the within document on the interested parties in this action by personally hand delivering a copy of said document to the addressee listed on this proof.

☐ **(VIA FACSIMILE)** I caused a true copy of the foregoing document to be served by facsimile transmission to each interested party at the respective facsimile numbers listed. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐ **(VIA ELECTRONIC MAIL)** I transmitted the above document(s) by electronic mail to the interested parties via the e-mail addresses listed above for each party.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2011, at Los Angeles, California.

_____
Signature

Jose Osorio
_____
Print Name

Exhibit A
Page 34

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

30384942\V-1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is: ☐ 601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017. ☒ USA Legal Network, 800 W. 1st, Suite 200-B, Los Angeles, CA 90012.

On October 19, 2011, I served the foregoing document, described as DEFENDANT WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT on the interested parties in this action, as follows:

Sahag Majarian II
Law Office of Sahag Majarian II
18250 Ventura Blvd.
Tarzana, CA 91356
Tel:  818-609-0807
Fax:  818-609-0892
Email:  sahagii@aol.com

☐ **(VIA MAIL)** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above. I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at SNR Denton US LLP, Los Angeles, California 90017. I am readily familiar with SNR Denton US LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ **(VIA PERSONAL SERVICE)** I served a true copy of the within document on the interested parties in this action by personally hand delivering a copy of said document to the addressee listed on this proof.

☐ **(VIA FACSIMILE)** I caused a true copy of the foregoing document to be served by facsimile transmission to each interested party at the respective facsimile numbers listed. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐ **(VIA ELECTRONIC MAIL)** I transmitted the above document(s) by electronic mail to the interested parties via the e-mail addresses listed above for each party.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2011, at Los Angeles, California.

Signature _____

Jose Osorio

Print Name _____

Exhibit A

Page 35

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

30384942\V-1

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
09/19/2011
CT Log Number 519181548

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:** Igor Kushnir
Pasha Distribution Corporation
7864 Barton St
Lenexa, KS 66214

**RE:** **Process Served in California**

**FOR:** Pasha Distribution Corporation (Domestic State: KS)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yasmin Martinez, individually and on behalf of other persons similarly situated, Pltf. vs. Wireless Lifestyle, Inc, et al., Dfts |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Attachment(s), Summons, Complaint, Demand, Notice |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA Case # 111CV209093 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay commission and regular wages upon termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/19/2011 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 3/9/12 at 10:00 a.m. - Case Management Conference // 15 days prior to the Case Management Conference - File Case Management Statement |
| **ATTORNEY(S) / SENDER(S):** | Gregory N. Karasik Karasik Law Firm 11835 W. Olympic Blvd. Suite 1275 Los Angeles, CA 90064 310 312 6800 |
| **REMARKS:** | Wireless Lifestyle, Inc changed its name to Pasha Distribution Corporation on 4/29/11 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 797538997408 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit B

Page 36

# EXHIBIT C

1   ANDREA M. KIMBALL (State Bar No. 196485)
    SNR DENTON US LLP
2   4520 Main Street, Suite 1100
    Kansas City, Missouri 64111-7700
3   Telephone:  (816) 460-2400
    Facsimile:  (816) 531-7545
4   Email:       andrea.kimball@snrdenton.com

5   MARIE LEGGON WRIGHTEN (State Bar No. 167221)
    VIRGINIA K. YOUNG (State Bar No. 174384)
6   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
7   Los Angeles, California 90017-5704
    Telephone:  (213) 623-9300
8   Facsimile:  (213) 623-9924
    Email:       marie.wrighten@snrdenton.com
9                virginia.young@snrdenton.com

10  Attorneys for Defendant
    WIRELESS LIFESTYLE,
11  INC.

12

13            IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17  YASMIN MARTINEZ, individually and on      No.
    behalf of other persons similarly situated,
18                                             DECLARATION OF KIMBERLY
                    Plaintiff,                 RAWLINGS IN SUPPORT OF
19                                             DEFENDANT WIRELESS LIFESTYLE,
         vs.                                   INC.'S NOTICE OF REMOVAL
20
    WIRELESS LIFESTYLE, INC.; and DOES
21  1 through 10,

22                  Defendant.

23

24

25

26                                                Exhibit _____

27                                                Page _____

28

                            -1-
                                              RAWLINGS DECL. IN
                                              SUPPORT OF REMOVAL

1  I, Kimberly Rawlings, declare as follows:

2      1.    I am employed by Wireless Lifestyle, Inc. ("Wireless Lifestyle"). As Human

3  Resources Director for Wireless Lifestyle, I have personal knowledge of the facts set forth

4  below, and if called as a witness, could and would completely testify thereto.

5      2.    Following service of the complaint in the action *Yasmin Martinez, individually and*

6  *on behalf other persons similarly situated, v. Wireless Lifestyle, Inc.*, Case No. 111CV209093,

7  Wireless Lifestyle compiled information from its personnel records regarding Yasmin

8  Martinez's earnings while employed by Wireless Lifestyle in California from November 1,

9  2010, to May 23, 2011. The electronic data that was used to compile this information is entered

10  and stored on Wireless Lifestyle's computer systems in the ordinary course and scope of

11  Wireless Lifestyle's business. Wireless Lifestyle completed compiling this information on or

12  around October 4, 2011.

13      3.    Based on Wireless Lifestyle's electronic personnel records, Plaintiff worked for

14  Wireless Lifestyle in the state of California from November 1, 2010, to May 23, 2011, at which

15  time her employment was terminated. Wireless Lifestyle's electronic records reflect that during

16  this time frame Plaintiff's regular salary was $1,307.69 per two-week pay period, averaging

17  $2,833.33 per month or $130.77 per business day. In addition, Plaintiff earned commissions

18  averaging $1,153.99 per month or $53.26 per business day.

19      I declare under penalty of perjury and the laws of the United States and the states of

20  Kansas and California that the foregoing is true and correct. Executed on October 19, 2011, at

21  Lenexa, Kansas.

22

23

24                          Kimberly Rawlings

25

26

27                    Exhibit C

28                    Page 38

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-2-

RAWLINGS DECL. IN
SUPPORT OF REMOVAL