# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: WIRELESS LIFESTYLE, INC., FAIR LABOR
STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION          MDL No. 2322

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Wireless Lifestyle, Inc. (Wireless Lifestyle) moves for centralization of the four actions[1] listed on Schedule A in the Western District of Missouri (or, in the alternative, the Northern District of California). Responding plaintiffs in two actions, Northern District of California *Martinez* and *Frazier*, oppose centralization.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although all four actions involve allegations concerning Wireless Lifestyle's compensation practices,[2] those allegations differ significantly from action to action. The Northern District of California *Martinez* action, for example, involves unique allegations involving compensation owed to terminated employees, while the Central District of California *Coleman* involves unique allegations that plaintiffs therein were not provided with any seating in the stores in which they worked. While there does appear to be some overlap among the actions, the differences among them appear to predominate, and thus centralization would likely hinder the just and efficient conduct of the litigation, considered as a whole. Available alternatives to centralization may minimize whatever possibilities may arise of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*] Judge W. Royal Furgeson, Jr., and Judge Charles R. Breyer took no part in the disposition of this matter.

[1] Although the Section 1407 motion, as filed, also encompassed a Northern District of Illinois action, that action has since been terminated.

[2] Wireless Lifestyle is a retail provider of cell phones, phone rate plans, and related services.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                Barbara S. Jones
Paul G. Barbadoro                Marjorie O. Rendell

**IN RE: WIRELESS LIFESTYLE, INC., FAIR LABOR
STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION**  MDL No. 2322


## SCHEDULE A

<u>Central District of California</u>

Teausha Coleman v. Wireless Lifestyle, Inc., et al., C.A. No. 5:11-01727

<u>Northern District of California</u>

Yasmin Martinez v. Wireless Lifestyle, Inc., C.A. No. 3:11-05132
Kevin Fraizier, et al. v. Wireless Lifestyle, Inc., C.A. No. 3:11-05192

<u>Western District of Missouri</u>

Chase White, et al. v. Pasha Distribution Corporation, C.A. No. 4:11-00975